IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Diana Meynart-Hanzel and Michael David Slowik, | |
| Plaintiffs, | No. 17-cv-6308 |
| v. | Judge Harry D. Leinenweber |
| Turner Broadcasting System, Inc.; CBS Broadcasting Inc.; Gregory T. Garcia; and Alix Jaffe, | Magistrate Judge Mary M. Rowland |
| Defendants. | |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT FOR THE BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants CBS Broadcasting Inc., Turner Broadcasting System, Inc., Gregory Garcia and Alix Jaffe (collectively, "Defendants"), by and through undersigned counsel, respectfully request leave to file a single, consolidated joint brief in support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) that exceeds the page limitation under Local Rule 7.1, and in support thereof state as follows.

1. Plaintiffs filed this action against Defendants on August 31, 2017, alleging that the ten (10) episodes in the first season of Defendants' series *The Guest Book*, on one hand, infringe Plaintiff's copyright in their three (3) separate works, each entitled *B&B If These Walls Could Talk*, on the other hand. *See generally* DE 1.

2. Specifically, Plaintiffs allege Defendants "produced, copied, distributed and displayed an episodic television program" entitled *The Guest Book*, which Plaintiffs allege is "nearly identical" to their "protectable creative expression of concepts, ideas, plots, themes, characters, dialogue, mood, pace, and scenes contained in" their three (3) separate works. *Id.* at ¶ 2.

3. Defendants' current deadline to answer or otherwise plead is February 7, 2018. DE 18.

4. The Defendants contend that this case is a straightforward copyright claim—*i.e.*, that the works at issue (Plaintiffs' three (3) works and the ten (10) episodes of *The Guest Book*) are wholly dissimilar. Indeed, even a simple review of the works makes it abundantly clear that Plaintiffs' copyright claim is hopelessly frivolous. Nevertheless, the Defendants intend to defend themselves by addressing each of the works and the elements related to a copyright analysis.

5. Although Local Rule 7.1 permits each of the four Defendants to submit a brief of 15 pages (for a total of sixty (60) pages), Defendants seek to file a joint consolidated Motion to Dismiss of 30 pages, arguing that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

6. In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff alleging copyright infringement must be able to establish both (1) ownership of a valid copyright and (2) that defendant copied elements of the work that are subject to copyright protection. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017).

7. To establish the second element above, a plaintiff must show both that the defendant had access to her work, and that the two works are substantially similar in those elements which are protected by the Copyright Act. *Peters v. West,* 692 F.3d 629, 633 (7th Cir. 2012); *Williams v. Crichton*, 84 F.3d 518, 587 (2d Cir. 1996).

8. Courts within the Seventh Circuit frequently dismiss copyright infringement claims at the pleading stage after comparing and analyzing the works at issue and determining that they share no substantial similarity of protectable expression. *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp. 332, 340-41 (N.D. Ill. 1997); *Franklin Mach. Prods. v. Heritage Foods Serv. Equip., Inc.*,

No. 06-cv-379, 2007 WL 4287568, at *2-6 (N.D. Ind. Dec. 5, 2007); *Hobbs v. John*, No. 12-cv-3117, 2012 WL 5342321, at *9 n.3 (N.D. Ill. Oct. 29, 2012); *Peters v. West*, 776 F.Supp.2d 742, 747-752 (N.D. Ill 2001) *aff'd* 692 F.3d 629 (7th Cir. 2012). Federal courts across the nation do the same. *Silas v. Home Box Office, Inc.*, 201 F.Supp.3d 1158, 1171-83 (C.D. Cal. 2016); *DiTocco v. Riordan*, 815 F.Supp.2d 655, 666-73 (S.D.N.Y. 2011); ); *Tanksley v. Daniels*, 259 F.Supp.3d 271, 280-96 (E.D. Pa. 2017); *Randolph v. Dimension Films*, 630 F.Supp.2d 741, 745-49 (S.D. Tex. 2009); *Brown v. Twentieth Century Fox Home Entm't*, No. 14-cv-147, 2015 WL 5081125, at *9-13 (E.D. Ky. Aug. 27, 2015); *Clark v. Dashner*, No. 14-cv-965, 2016 WL 3621274, at *5-14 (D. N.M. June 30, 2016); *Marquardt v. King*, No. 10-cv-3946, 2011 WL 5042054, at *3-8 (N.D. Ga. Aug. 10, 2011).

9. To determine whether the parties' respective works are substantially similar, courts conduct a "side-by-side" or "'ocular comparison' . . . of the works being analyzed for similarity." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 506-07 n.1 (7th Cir. 1994); *see also Culver Franchising Sys. v. Steak n Shake Inc.*, No. 16-cv-72, 2016 WL 4158957, at *8 (N.D. Ill. Aug. 5, 2016) ("[T]his court may – and, indeed, must – evaluate substantial similarity in determining whether dismissal is warranted under Rule 12(b)(6)."). *Hobbs*, 2012 WL 5342321, at *3 n.3 ("Because the test for substantial similarity is an objective test, district court may determine copyright infringement claims at the motion to dismiss stage of litigation") (*citing Peters*, 776 F.Supp.2d 742 *aff'd* 692 F.3d 629 (7th Cir. 2012)).

10. As applied to literary and audiovisual works, the test for substantial similarity focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events of the works. *Tillman v. New Line Cinema Corp.*, 295 Fed. App'x 840, 842-43 (7th Cir. 2008) (*citing Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1078-81 (9th Cir. 2006) & *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823-25 (9th Cir. 2002)); *see Williams v. Crichton*, 84 F.3d 581, 595 (2d Cir. 1996).

11. Here, Plaintiffs' complaint includes a significant number of detailed factual allegations as to both (a) purported access to Plaintiffs' works by the individual Defendants, and (b) alleged similarities between Plaintiffs' three (3) *B&B* works, on one hand and ten (10) individual episodes of *The Guest Book*, on the other hand. *See* DE 1, gen.

12. As Defendants are jointly moving via a consolidated brief and because, as described above, Defendants' motion will require an analysis addressing the significant factual allegations in Plaintiff's complaint as well as Plaintiffs' mischaracterization of the works themselves, the consolidated brief in support of the motion to dismiss will exceed the 15-page limit. In particular, Defendants intend to analyze – in sufficient detail to enable the Court to determine whether the parties' respective works bear substantial similarity – whether any substantial similarity exists between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events of the works of Plaintiffs' three (3) *B&B* works, on one hand, and the ten (10) episodes of *The Guest Book*, on the other hand.

13. Accordingly, Defendants respectfully seek leave to file the brief in support of their consolidated motion in excess of the fifteen (15) page limit, not to exceed thirty (30) pages, in order to fully develop in one brief their arguments in favor of dismissal as to all Defendants.

14. Counsel for Defendants has conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the page limit extension requested.

WHEREFORE, Defendants CBS Broadcasting Inc., Turner Broadcasting System, Inc., Gregory T. Garcia, and Alix Jaffe respectfully request this Court enter an order granting Defendants leave to exceed the page limitation for the consolidated brief in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), said brief not to exceed 30 pages, and that the Court enter such additional relief as it deems just and proper.

Dated: January 5, 2018	Respectfully submitted,

    /s/ Steven G. Trubac
Brian A. Sher
Steven Trubac
BRYAN CAVE LLP
161 N Clark Street, Ste 4300
Chicago, IL 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
brian.sher@bryancave.com
steve.trubac@bryancave.com

Lee Brenner (admitted *pro hac*)
Kenneth Kronstadt (admitted *pro hac* )
KELLEY DRYE & WARREN LLP
10100 Santa Monica Blvd., 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
kkronstadt@kelleydrye.com
lbrenner@kelleydrye.com

*Attorneys for Defendants CBS Broadcasting Inc., Turner Broadcasting System, Inc., Gregory T. Garcia, and Alix Jaffe*

5

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on January 5, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

                                    */s/ Steven Trubac*
                                    Steven Trubac