# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Diana Meynart-Hanzel et al., | Case No. 1:17-cv-06308 |
| Plaintiffs, | Honorable Judge Harry D. Leinenweber |
| v. | Magistrate Judge Mary M. Rowland |
| Turner Broadcasting System, Inc., et al., | |
| Defendants. | |

**DEFENDANTS GREGORY T. GARCIA AND ALIX JAFFE'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(2)</u>**

## INTRODUCTION

Plaintiffs Diana Meynart-Hanzel and Michael Slowik ("Plaintiffs") assert this Court has personal jurisdiction over Defendants Gregory T. Garcia ("Garcia") and Alix Jaffe ("Jaffe," and collectively with Garcia, "Defendants") based solely on a conclusory assertion that Defendants intentionally copied Plaintiffs' works with the "purpose of causing harm" to Plaintiffs in this District. Compl., DE 1 at ¶ 7. It is Plaintiffs' burden to establish the propriety of personal jurisdiction over Defendants, a burden that they cannot possibly meet here, especially in light of Defendants' evidence demonstrating they have no relevant contacts with Illinois. And, in fact, Plaintiffs and Defendants have never met or otherwise communicated with each other, apart from Defendants responding to Plaintiffs' lawsuit.

Plaintiffs themselves admit that both Defendants are "resident[s] and citizen[s] of the State of California," and can point to no factual allegations that would permit this Court to exercise personal jurisdiction over them. *Id.* at ¶¶ 12-13. This is for the simple reason that neither Defendant has any jurisdictional contacts with Illinois, either in general or specifically related to the allegedly infringing work – the television series *The Guest Book*. The Constitution does not permit a forum state to exercise personal jurisdiction over non-resident defendants where, as here, those defendants have insufficient contacts with that state.

Neither can Plaintiffs require Defendants to litigate this copyright infringement lawsuit in Illinois on the theory that Defendants' alleged wrongdoing was aimed at causing harm to Plaintiffs in this state. Compl., DE 1 at ¶ 7. The Supreme Court in *Calder v. Jones* held that personal jurisdiction may in some cases exist when a non-resident defendant commits an intentional tort directed at the forum state with the purpose of harming the plaintiff. However, this theory cannot support jurisdiction here because (1) copyright infringement is not an

intentional tort, (2) Defendants here neither had knowledge of, nor communications with, Plaintiffs prior to their lawsuit allegations, and had never heard of Plaintiffs' works prior to this lawsuit, and, notably, (3) the story and elements of Defendants' *The Guest Book* were created and written down well *before* the creation of works they are alleged to have infringed.

Accordingly, federal jurisdictional principles require that this Court dismiss Defendants Garcia and Jaffe from this action pursuant to Rule 12(b)(2).

## I. PROCEDURAL BACKGROUND

Plaintiffs filed this action on August 31, 2017, in the Northern District of Illinois, alleging the *The Guest Book* infringes their copyrighted works, each entitled *B&B: If These Walls Could Talk* ("*B&B*"). Compl., DE 1, gen. In addition to Mr. Garcia and Ms. Jaffe, Plaintiffs named as defendants CBS Broadcasting Inc. ("CBS") and Turner Broadcasting System, Inc. ("Turner"). DE 1. All defendants waived formal service, with their responsive pleadings due on or before February 7, 2018. DE 5, 18.

In addition to seeking dismissal here for lack of personal jurisdiction, Defendants Garcia and Jaffe further join in the omnibus motion to dismiss for failure to state a claim, filed concurrently herewith by all named defendants.

## II. NEITHER MR. GARCIA NOR MS. JAFFE HAS ANY JURISDICTIONAL CONTACTS WITH ILLINOIS.

Defendants are California residents and citizens who lack even minimal contacts with the State of Illinois, let alone systematic and continuous contacts with this state. Nothing in Plaintiffs' Complaint or Plaintiffs' sworn declarations attached thereto asserts otherwise. *See* Compl., DE 1, at Exhibit 1, Exhibit 2.

### A. Neither Mr. Garcia Nor Ms. Jaffe Has Any General Business Contacts With Illinois.

Garcia and Jaffe are both, as Plaintiffs admit, residents of California. Compl., DE 1 at ¶¶ 12-13; *see also* **Exhibit A**, Declaration of Gregory Garcia ("Garcia Decl.") at ¶ 1; **Exhibit B**, Declaration of Alix Jaffe ("Jaffe Decl.") at ¶ 1. Jaffe has worked in California since 2001. Jaffe Decl. at ¶ 3. Garcia has worked in California since 1993. Garcia Decl. ¶ 4. Defendants do not own any real property in Illinois, do not rent any property situated in Illinois, do not have any mailing addresses or telephone numbers in Illinois, are not required to pay taxes in Illinois, and do not own any bank accounts or have any governmental licenses in that state. Garcia Decl. ¶¶ 14-15; Jaffe Decl. ¶¶ 7-8. Put simply, Defendants have no assets of any kind in Illinois. Garcia Decl. ¶ 14; Jaffe Decl. ¶ 7.

Neither Garcia nor Jaffe have maintained a place of business in Illinois. Garcia Decl. ¶ 15; Jaffe Decl. ¶ 8. Neither have employees or agents in Illinois, other than the undersigned attorneys who have been retained to represent their interests in this lawsuit. Garcia Decl. ¶ 16; Jaffe Decl. ¶ 9. Neither Defendant has ever made a television show in Illinois, nor has either been involved in any television program that was created, written, or produced in Illinois. Garcia Decl. ¶ 17; Jaffe Decl. ¶ 10. Jaffe has not been to Illinois in at least 17 years. Jaffe Decl. ¶ 6. Garcia has been to Illinois twice in his entire life: once in 1994, and once in 2017. Garcia Decl. ¶¶ 14, 19.

Accordingly, as further described below, far from maintaining the purposeful, continuous and systematic contact with Illinois that is required to establish general jurisdiction, Defendants have <u>no</u> meaningful contacts with Illinois. There is no general jurisdiction in Illinois over either Garcia or Jaffe.

### B. Neither Mr. Garcia Nor Ms. Jaffe Has Any Specific Contacts With Illinois Relating to *The Guest Book*.

Amigos de Garcia Productions, a television production company headquartered in Studio City, California, physically produced all, or virtually all, of *The Guest Book* in California. Garcia Decl. ¶¶ 5-6; Jaffe Decl. ¶¶ 4-5. None of nonparty Amigos de Garcia Productions' business is conducted in Illinois. Garcia Decl. ¶¶ 5; Jaffe Decl. ¶¶ 4. None of the episodes of *The Guest Book* have ever been filmed in Illinois. Garcia Decl. ¶¶ 5; Jaffe Decl. ¶¶ 4.

Jaffe is the president of Amigos de Garcia Productions and is an executive producer of *The Guest Book*. Jaffe Decl. ¶¶ 3-5. All of Jaffe's work related to *The Guest Book* has occurred in the Los Angeles Area. Jaffe Decl. ¶ 5. None has occurred in Illinois. Jaffe Decl. ¶ 5. Garcia, the founder of Amigos de Garcia Productions, is the creator and writer of *The Guest Book*. Garcia Decl. ¶¶ 3-5. Virtually all of Garcia's work related to *The Guest Book* has occurred in California. Garcia Decl. ¶ 6. None has occurred in Illinois. Garcia Decl. ¶ 6.

Further, prior to learning of Plaintiffs' lawsuit allegations in 2017, neither Garcia nor Jaffe knew of the existence of Plaintiffs or their alleged works. Garcia Decl. ¶ 7; Jaffe Decl. ¶ 11. Neither Garcia nor Jaffe have ever spoken with Plaintiffs, nor have they had any dealings with Plaintiffs whatsoever apart from responding to their lawsuit allegations. Garcia Decl. ¶ 7; Jaffe Decl. ¶ 11. Contrary to Plaintiffs' baseless speculations, neither Garcia nor Jaffe has ever spoken or communicated with anyone about Plaintiffs' alleged works prior to this lawsuit. Garcia Decl. ¶¶ 7-13; Jaffe Decl. ¶¶ 11-17.

In fact, Garcia indisputably both created and wrote down the story premise and elements for *The Guest Book* well before Plaintiffs even allegedly conceived of their *B&B* works in June

2012.[1] Garcia Decl. ¶¶ 20-30, Exhibits 1-11; **Exhibit C**, Declaration of Brian Morley ("Morley Decl.") at ¶ 8; *see also* Compl, DE 1 at ¶¶ 22-31; Declaration of Meynhart-Hanzel ("Meynart-Hanzel Decl."), DE 1-4 at ¶ 3; Declaration of Michael Slowik ("Slowik Decl."), DE 1-5 at ¶ 3. In sum, Garcia and Jaffe have no contact with Illinois related to *The Guest Book* from which Plaintiffs' claim arises.

### III. LEGAL STANDARD

Plaintiffs assert this Court has subject matter jurisdiction over their claims under the Copyright Act, 17 U.S.C. § 501, *et seq*. Compl., DE 1 at ¶ 6. Because the Copyright Act does not provide for nationwide service of process, this Court may exercise personal jurisdiction over Defendants "only to the extent that a court of general jurisdiction in Illinois could."[2] *See Ill. V. Hemi Group LLC*, 622 F.3d 754, 756 (7th Cir. 2010) (*citing* Fed. R. Civ. P. 4(k)(1)); *see also Am. Bridal & Prom Indus. Assoc., Inc. v. The P'ships & Unincorporated Assoc. Identified on Schedule A*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016) (personal jurisdiction over claims arising under Copyright Act must be analyzed by law of forum state); *Moser v. Ayala*, No. 11-cv-3563, 2013 WL 1337187, at *3 (N.D. Ill. March 29, 2013) (Leinenweber, J.) (same).

Illinois's long-arm statute governs whether a court has personal jurisdiction over a party. 735 ILCS 5/2-209. Under that statute, a court may exercise personal jurisdiction on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United

---

[1] The metadata for the documents submitted in connection with Mr. Garcia's declaration confirm *The Guest Book* story elements were written long before Plaintiffs even allegedly conceived of the *B&B* works. *See* Garcia Decl. ¶¶ 20-30, Exhibits 1-11; Morley Decl. at ¶ 8.

[2] Plaintiffs also allege the existence of diversity jurisdiction, as well as supplemental jurisdiction "over the unregistered copyright claims pursuant to 17 U.S.C. § 411(a)." Compl. at ¶ 6. Even if true, this has no effect on the jurisdictional analysis under the Federal Rules, which state that in the absence of authority under a federal statute, service of process only establishes personal jurisdiction over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1).

States." *Id.* at 5/2-209(c). While the Illinois Supreme Court has stated that the "scope of Illinois's long-arm statute may not be co-extensive with the jurisdictional aspect of the Federal due process clause in any particular situation," federal courts have found no "operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Ill.*, 622 F.3d at 756. Accordingly, the exercise of jurisdiction in Illinois over non-resident defendants is limited by federal Constitutional considerations under the Due Process Clause. *Id.*; *see also Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (noting that in analysis of personal jurisdiction, Illinois "statutory and federal constitutional inquiries merge").

It is the "nature of the defendant's contacts with the forum state [which] determines the propriety of personal jurisdiction and also its scope – that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the case." *Tamburo*, 601 F.3d at 701.

### A. General Personal Jurisdiction.

General personal jurisdiction arises only when a defendant has "continuous and systematic" contacts with a state. *Id.* (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). The "threshold for general jurisdiction is high," as the defendant's contacts with the forum state "must be sufficiently extensive and pervasive to approximate physical presence." *Id.* (further noting that "isolated or sporadic contacts," such as "occasional visits to the forum state" are insufficient for general jurisdiction). Illinois courts may only exercise "general jurisdiction over a nonresident…where the nonresident has continuous and systematic general business contacts with the forum." *Roisier v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 562 (1st Dist. 2006). This standard is "quite high and generally means conducting business in Illinois of such character and extent that it may be inferred that the defendant has

6

subjected itself to the jurisdiction and laws of this state and is bound to appear when properly served." *Id.*

### B. Specific Personal Jurisdiction.

Specific personal jurisdiction, on the other hand, exists only when the "defendant's contacts with the forum state [are] directly relate[d] to the challenged conduct or transaction." *Tamburo*, 601 F.3d at 702. This must be evaluated by "reference to the particular conduct underlying the claims made in the lawsuit." *Id.* (internal citation omitted). Furthermore, the relationship must "arise out of contacts that the defendant *himself* creates with the forum state." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (internal quotations omitted) (emphasis original).

The Constitutional "touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State" such that he should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). A plaintiff asserting a defendant is subject to specific personal jurisdiction must establish that: "(1) the defendant has purposely directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state," and the "(2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702 (*citing Burger King*, 471 U.S. at 472). In addition, the exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." *Id.* (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

#### 1. Minimum Contacts under the "Effects Test."

The mere effect or "injury to a forum resident is not a sufficient connection to the forum" to establish minimum contacts with the forum state. *Walden*, 134 S.Ct. at 1125. Rather, an injury or effect on the plaintiff is "jurisdictionally relevant only insofar as it shows that the defendant

7

has formed a contact with the forum state." *Id.* (further noting the proper question is not where the plaintiff experienced an "injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way"). Under Supreme Court precedent in *Calder v. Jones*, a plaintiff asserting specific jurisdiction based solely on the "effects" felt in the forum state must establish: (1) "intentionally and allegedly tortious' conduct[]; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt – that is, the plaintiff would be injured – in the forum state." *Tamburo*, 601 F.3d at 703 (internal quotations omitted) (*citing Calder v. Jones*, 465 U.S. 783, 789-90 (1984)).

The "express aiming" requirement under *Calder* is merely "one means of satisfying the traditional due process standard set out in *International Shoe* and its progeny," and is "not an independent path to jurisdiction that allow[s] a defendant to avoid 'minimum contacts' altogether." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*, 623 F.3d 440, 445 (7th Cir. 2010). As such, *Calder* in no way means that "any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendant has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff." *Id.* (*citing Wallace v. Herron*, 778 F.2d 391 (7th Cir. 1985)).

### C. The Plaintiff Bears the Burden of Demonstrating Personal Jurisdiction.

Plaintiffs bear the "burden of demonstrating the existence of personal jurisdiction." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009); *see also RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Further, where, as here, a defendant's motion to dismiss due to lack of personal jurisdiction is supported by "affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*

8

*Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).[3] Plaintiffs must identify sufficient factual allegations in their Complaint or proffer evidence such as affidavits or deposition testimony to demonstrate a prima facie case for personal jurisdiction. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714-15 (7th Cir. 1998); *see also Novelty, Inc. v. RCB Distrib., Inc.*, No. 08-cv-418, 2008 WL 2705532, at *3 (S.D. Ind. July 9, 2008) (noting that after defendants came forward with affidavit evidence denying allegation of intentional copyright infringement, plaintiffs were required to "come forward with some evidence on the point to support personal jurisdiction").

While the court must draw all reasonable inferences in the plaintiff's favor, conclusory allegations unsupported by factual assertions are insufficient to establish a prima facie case. *Noble Roman's, Inc. v. French Baguette, LLC*, 684 F. Supp. 2d 1065, 1068 (S.D. Ind. 2010). In the same vein, counter-affidavits or other testimonial evidence will not be considered unless they "contain affirmations of basic facts within the personal knowledge of the affiant, not conclusory allegations of law." *See Berg-MFG. & Sales Corp. v. Ivy/Mar Co., Inc.*, No. 96-cv-988, 1996 WL 596512, at *5 (N.D. Ill. Oct. 15, 1995) (internal citation omitted).

As demonstrated below, Plaintiffs have not established (and cannot establish) either general or specific personal jurisdiction over either Garcia or Jaffe.

---

[3] In the event that Plaintiffs submit additional affidavits in opposition to Defendants' motion to dismiss for lack of personal jurisdiction, Defendants respectfully request an evidentiary hearing to resolve any genuine questions of material fact. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002) (stating if questions of fact exist on motion to dismiss for lack of personal jurisdiction, an evidentiary hearing must be held to resolve such questions.).

## IV. ARGUMENT

Plaintiffs' Complaint recognizes that both Jaffe and Garcia are residents and citizens of the State of California, and makes no assertion of any contacts with Illinois to satisfy general jurisdiction. Compl., DE 1 at ¶¶ 12-13. Rather, in asserting personal jurisdiction over Defendants is nonetheless proper, they rely solely on the conclusory allegation that Defendants intentionally copied their works with the "purpose of causing harm" to Plaintiffs in this District. *Id.* at ¶ 7. Plaintiffs thus at best assert specific personal jurisdiction exists under the "Effects Test" in *Calder* – that is, because they felt the "effect" of Defendants' infringement in Illinois. Though Plaintiffs themselves may reside in this District, they cannot point to anything that even remotely satisfies the relevant question of whether <u>Defendants</u> took any intentional and allegedly tortious action, in creating and producing *The Guest Book*, to specifically target Illinois for the purpose of harming Plaintiffs. *Walden*, 134 S.Ct. at 1122. In fact, it is impossible to meet this burden, as copyright infringement is not an intentional tort, and Plaintiffs have already sworn on oath that they created the elements of their alleged works in June 2012, well <u>after</u> Garcia created the elements of his work that is alleged to infringe. *Compare* Garcia Decl. ¶¶ 20-30, Exhibits 1-9 *&* Morley Decl. ¶ 9 *with* Meynart-Hanzel Decl., DE 1-4 at ¶ 3 *and* Slowik Decl., DE 1-5 at ¶ 3.

### A. Neither Mr. Garcia Nor Ms. Jaffe Is Subject to General Jurisdiction In Illinois.

Plaintiffs' Complaint does not contain <u>any</u> description of any alleged business contacts with Illinois by non-resident Defendants, much less any indication that such contacts are "sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701. Further, as Defendants are both residents and citizens of the State of California, general jurisdiction can exist only if they maintain "continuous and systematic general business contacts with the forum." *See* Section II.A, *supra*; *see also Roisier*, 367 Ill. App. 3d at 562. As non-

resident Defendants do no business in Illinois, have no employees or agents in Illinois, own no property in Illinois, and have no assets of any kind in Illinois, they simply have no contacts with Illinois to even analyze for purposes of general jurisdiction. *See* Section II.A, *supra.*

In fact, Jaffe has not stepped foot in Illinois in at least 17 years, and Garcia has visited Illinois twice in his entire life. *Id.* These "sporadic contacts with Illinois do not approach the level of continuous and systematic contacts necessary to establish general personal jurisdiction." *Tamburo*, 601 F.3d at 701-02 (finding Illinois could not exercise general jurisdiction over one defendant who had "been to Illinois only twice in ten years," or over another who had grown up in Illinois but "moved away in 1979" and "only traveled back twice since then"). Accordingly, Plaintiffs cannot establish the existence of general personal jurisdiction over Defendants.

### B.  Neither Mr. Garcia Nor Ms. Jaffe is Subject to Specific Jurisdiction in Illinois.

Similarly, Plaintiffs cannot establish specific personal jurisdiction over Defendants. A court may assert specific jurisdiction over a non-resident defendant <u>only</u> if (1) the defendant has purposefully availed itself of the privileges of conducting activities within the forum state <u>and</u> (2) if the litigation results from alleged injuries that arise out of or are related to defendant's contacts. *See Burger King Corp.*, 471 U.S. at 472; *Tamburo*, 601 F.3d at 702. Finally, even if a plaintiff establishes the first two prongs of the test for specific jurisdiction, a court will decline to exercise jurisdiction if forcing the defendant to litigate in the forum is not fair and reasonable. *See Burger King Corp.*, 471 U.S. at 477.

The first prong of the specific jurisdiction analysis – purposeful availment – is the "constitutional touchstone" of the plaintiff's burden to establish personal jurisdiction. *Burger King Corp.*, 471 U.S. at 474. Requiring purposeful availment precludes the exercise of jurisdiction on the basis of a defendant's "random," "fortuitous" or "attenuated" contacts. *Id.* at

475. Here, Defendants have taken no action whatsoever to purposefully avail themselves of the privileges of conducting business in Illinois, and have had <u>zero</u> contacts with Illinois arising from *The Guest Book*, the subject of this lawsuit. None of the television series was produced in Illinois. *See* Section II.B, *supra*. None of the episodes of *The Guest Book* have ever been filmed in Illinois. *Id.* None of Jaffe's or Garcia's work related to *The Guest Book* has occurred in Illinois. *Id.* Accordingly, Defendants' work on *The Guest Book* has no relation to the state of Illinois.

Additionally, as this Court previously held, the simple fact that a television series happens to be broadcast in Illinois is "too attenuated to support personal jurisdiction over [a defendant] in [the] forum [state]." *Publ'ns Int'l, Ltd. v. Simon & Schuster, Inc.*, 763 F. Supp. 309 (N.D. Ill. 1991); *see also Colo'n v. Akil*, 449 Fed. App'x 511, 514 (7th Cir. 2011) (affirming that Indiana court had no jurisdiction over writers and producers of a television series broadcast nationwide, including in Indiana, as there was no evidence that defendants "intentionally aimed their conduct at the forum state"); *Annie Oakley Enters., Inc. v. Sunset Tan Corp. & Consulting, LLC*, 703 F. Supp. 2d 881, 893 (N.D. Ind. 2010) ("the national broadcast of a television program does not give rise to personal jurisdiction in every state"); *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 112 (1987) (even though defendant may have been aware that its products would be sold in California, its lack of conduct directed specifically at California made jurisdiction improper under a "minimum contacts" analysis).

Finally, Plaintiffs' conclusory allegation that Defendants "engaged in intentional conduct with the purpose of causing harm to Plaintiff[s] in this District" does not pass Constitutional muster. Compl., DE 1 at ¶ 7. As noted above, a plaintiff asserting specific jurisdiction based on the "effects" felt in the forum state must establish (1) intentional and allegedly <u>tortious action</u> (2)

12

expressly aimed at the forum state with (3) the "defendant's knowledge that the effects would be felt – that is, the plaintiffs would be injured – in the forum state." *Tamburo*, 601 F.3d at 703. Even assuming Plaintiffs were asserting an intentional tortious act, this argument would still fail.

Plaintiffs' Complaint is devoid of any allegations tying Defendants' alleged conduct to Illinois, other than that Plaintiffs reside there. Compl., DE 1, gen. To conclude that Defendants are subject to personal jurisdiction in Illinois merely because Plaintiffs reside in Illinois and *The Guest Book* may ultimately be broadcast to viewers in Illinois turns the analysis on its head. *See Walden*, 134 S.Ct. at 1123 (jurisdictional analysis rests on defendant's connections to the forum state, not to the plaintiff). Put simply, an "allegation of [copyright] infringement should not, by itself, force the offending party to defend a suit anywhere a plaintiff might reside and file suit." *Novelty, Inc.*, 2008 WL 2705532, at *4; *see also Walden*, 134 S.Ct. at 1125 (rejecting Effects Test argument when alleged injury occurred in Nevada "not because anything independently occurred there, but because Nevada is where [plaintiffs] chose to be at the time" of the alleged injury); *Mobile Anesthesiologists Chi., LLC*, 623 F.3d at 446 (rejecting theory that "constructive notice" of federal registration satisfies "express aiming" requirement such that defendant should know it "could be called to court in Illinois").

Further, prior to learning of Plaintiffs' lawsuit allegations in 2017, neither Jaffe nor Garcia knew of the existence of Plaintiffs or their alleged work. *See* Section II.B, *supra*. Neither Defendant has ever spoken with Plaintiffs, has ever spoken or communicated with anyone about Plaintiffs' alleged works prior to this lawsuit, or has had any dealings with Plaintiffs whatsoever apart from responding to their lawsuit allegations. *Id.* Defendants cannot possibly have acted with knowledge that the allegedly infringing works would cause harm to Plaintiffs in Illinois

13

since neither "of the [D]efendants knew of [Plaintiffs] or [their alleged works] before [Plaintiffs] filed [their] suit." *Colo'n*, 449 Fed. Appx. at 514.

In fact, the undisputed record evidence shows Garcia created the story and elements of the allegedly infringing works <u>before</u> Plaintiffs conceived of their alleged works. *Compare* Garcia Decl. ¶¶ 20-30, Exhibits 1-9 *& Morley Decl. ¶ 9 with* Meynart-Hanzel Decl., DE 1-4 at ¶ 3 *and* Slowik Decl., DE 1-5 at ¶ 3.

Finally, even if a defendant has been found to have sufficient contacts with the forum for specific jurisdiction, the concept of fair play or reasonableness may still defeat jurisdiction. *Burger King Corp.*, 471 U.S. at 477-78. It is "[c]rucial to the minimum contacts analysis…that the defendant should reasonably anticipate being haled into court" in the forum state. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (*quoting Burger King Corp.*, 471 U.S. at 474); *see also Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 485 F. Supp. 2d 944, 951 (N.D. Ill. 2007) (noting that "even assuming" defendant's response to cease-and-desist letter "provided sufficient minimum contacts with Illinois, this would not comport with fair play and substantial justice," as it would force a defendant to risk "being haled into court in a distant forum" by the mere act of responding to a letter threatening a lawsuit). Here, there is nothing fair or reasonable about haling either Garcia or Jaffe into court in Illinois – a state they have negligible contacts with, and absolutely no contacts relating to the alleged infringement at issue.

## CONCLUSION

As established above, Defendants have <u>no</u> contacts with Illinois that would support either general or personal jurisdiction over them in this state. Accordingly, the imposition of jurisdiction over them would be inherently unfair and unreasonable, and this motion should be granted.

WHEREFORE, Defendants Gregory Garcia and Alix Jaffe respectfully request this Court dismiss Plaintiffs' Complaint as to them for lack of personal jurisdiction, and that it enter such additional relief as it deems just and proper.

Dated: February 5, 2018                      Respectfully submitted,

/s/ Brian A. Sher
Brian A. Sher
Steven Trubac
BRYAN CAVE LLP
161 N Clark Street, Ste 4300
Chicago, IL 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
brian.sher@bryancave.com
steve.trubac@bryancave.com

Lee Brenner (admitted *pro hac vice*)
Kenneth Kronstadt (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
10100 Santa Monica Blvd., 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
kkronstadt@kelleydrye.com
lbrenner@kelleydrye.com

*Attorneys for Defendants Gregory T. Garcia and Alix Jaffe*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 5, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Brian A. Sher*
Brian A. Sher