**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Diana Meynart-Hanzel et al.,

               Plaintiffs,

      v.

Turner Broadcasting System, Inc., et al.,

               Defendants.

Case No. 1:17-cv-06308

Honorable Judge Harry D. Leinenweber

Magistrate Judge Mary M. Rowland

**DEFENDANTS GREGORY T. GARCIA AND ALIX JAFFE'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(2)</u>**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................1

I.      Plaintiffs Have Waived Any Argument as to General Jurisdiction over Defendants ..........2

II.     Plaintiffs Cannot Make a Prima Facie Showing of Personal Jurisdiction
over Defendants ........................................................................................................2

        A.     Personal Jurisdiction over Defendants Cannot be Based on Plaintiffs'
Own Actions ..................................................................................................3

        B.     Personal Jurisdiction Cannot be Imputed from One Defendant to Another ...........7

CONCLUSION ............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*,
No. 15-cv-2991, 2015 WL 5834135 (N.D. Cal. Oct. 7, 2015) .......................................... 5

*Allman v. McGann*,
No. 02-cv-7442, 2003 WL 1811531 (N.D. Ill. Apr. 4, 2003)............................................ 5

*Benjamin v. Walt Disney Co.*,
No. 05-cv-2280, 2007 WL 1655783 (C.D. Cal. June 5, 2007)......................................... 6

*Carter v. Pallante*,
256 F. Supp. 3d 791 (N.D. Ill. 2017) .............................................................................. 7

*Cent. States, SE & SW Areas Pension Fund v. Reimer Express World Corp.*,
230 F.3d 934 (7th Cir. 2000) ........................................................................................... 8

*Erickson v. Neb. Mach. Co.*,
No. 15-cv-1147, 2015 WL 4089849 (N.D. Cal. July 6, 2015) .......................................... 5

*Jones v. Bilge*,
No. 04-cv-60184, 2006 WL 1329247 (E.D. Mich. May 16, 2006) ................................... 2

*Kennelsource, Inc. v. Barking Hound Vill., LLC*,
No. 05-cv-1788, 2006 WL 2578975 (N.D. Ill. Sept. 5, 2006)................................... 2, 7, 8

*Mohammed v. Uber Tech., Inc.*,
237 F. Supp. 3d 719 (N.D. Ill. 2017) .............................................................................. 3

*Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*,
361 F.3d 312 (6th Cir. 2004) ........................................................................................... 6

*Philpot v. Eagle Commc'ns, Inc.*,
No. 14-cv-1984, 2015 WL 4134038 (S.D. Ind. July 8, 2015) .......................................... 5

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ........................................................................................... 2

*RAR, Inc. v. Turner Diesel, Ltd.*,
107 F.3d 1272 (7th Cir. 1997) ......................................................................................... 2

*Richter v. INSTAR Enters. Int'l, Inc.*,
594 F. Supp. 2d 1000 (N.D. Ill. 2009) ............................................................................ 5, 7

ii

*Scherr v. Abrahams*,
    No. 97-cv-5453, 1998 WL 299678 (N.D. Ill. May 29, 1988)............................................. 3

*Under A Foot Plant, Co. v. Exterior Design, Inc.*,
    No. 14-cv-1371, 2015 WL 1401697 (D. Oregon March 24, 2015) ................................... 6

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) .................................................................................... 4, 5, 8

**Treatises**

5 *Patry on Copyright* § 17:156 .......................................................................................... 6

## INTRODUCTION

Plaintiffs acknowledge they bear the burden of making a prima facie showing of personal jurisdiction in response to the motion to dismiss filed by defendants Gregory Garcia and Alix Jaffe (collectively, "Defendants"). DE 40 at 2. As Defendants submitted detailed declarations attesting to their lack of any jurisdictional contact with Illinois, it was incumbent on Plaintiffs to submit affirmative evidence supporting the exercise of jurisdiction. DE 25-1, Declaration of Gregory T. Garcia ("Garcia Decl."); DE 25-2, Declaration of Alix Jaffe ("Jaffe Decl."); DE 25-3, Declaration of Brian Morley ("Morley Decl.").

Yet Plaintiffs fail to address – much less controvert – the facts in Defendants' declarations. DE 40, gen. Instead, Plaintiffs steadfastly argue that a single conclusory allegation in their Complaint that the "effects" of alleged copying were felt in Illinois, where Plaintiffs reside, is sufficient to establish personal jurisdiction. DE 40 at 3. It is not. Plaintiffs, whose Complaint acknowledges Defendants live and reside in California (DE 1 at ¶¶ 12-13), fail to address – much less rebut – Defendants' evidence that:

> (1) Defendants have never had any communications with Plaintiffs apart from responding to their lawsuit, and had never heard of Plaintiffs or their alleged works before the filing of this lawsuit (DE 25-1, Garcia Decl. at ¶¶ 7-13; DE 25-2, Jaffe Decl. at ¶¶ 11-17); and

> (2) Mr. Garcia created the story and elements of *The Guest Book* – including the setting of a rental guest house in a mountain town, and the darkly humorous stories about the ever-changing guests who rent it – nearly a year *before* Plaintiffs even conceived of their alleged works. *See, e.g.*, DE 25-1, Garcia Decl. Exs. 1-3; DE 25-3, Morley Decl. at ¶¶ 6-8; *compare* DE 1-4, Declaration of Diana Meynart-Hanzel ("Hanzel Decl.") at ¶ 3 and DE 1-5, Declaration of Michael Slowik ("Slowik Decl.") at ¶ 3.

Plaintiffs simply have failed to provide any affirmative evidence whatsoever to make out even a prima facie case for personal jurisdiction in Illinois. This Court should dismiss Defendants from this action.

## I.      Plaintiffs Have Waived Any Argument as to General Jurisdiction over Defendants.

As an initial matter, Plaintiffs argue only that specific jurisdiction is proper, and have waived any argument as to the propriety of general jurisdiction. Though they make a single conclusory statement that they have "alleged sufficient 'continuous and systematic' business contacts with the state of Illinois" to establish general jurisdiction over Defendants, Plaintiffs fail to even mention the words "general jurisdiction" until their conclusion. DE 40, gen.; *cf. RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (plaintiff failed to "allege[] that [defendant] has" any "systematic contacts with Illinois," and thus "waived any general jurisdiction argument"); *see also Jones v. Bilge*, No. 04-cv-60184, 2006 WL 1329247, at *4 (E.D. Mich. May 16, 2006) (the court looks "to the facts, not plaintiffs' characterization of the facts," and the "mere incantation of the phrase 'continuous and systematic' does not aid plaintiffs in meeting their burden"). Furthermore, while Defendants have submitted declarations alleging "various facts that are relevant to general jurisdiction," Plaintiffs' response wholly ignores those declarations and fails to "even attempt to rebut those facts." DE 40, gen.; *see Kennelsource, Inc. v. Barking Hound Vill., LLC*, No. 05-cv-1788, 2006 WL 2578975, at *3 n.4 (N.D. Ill. Sept. 5, 2006) (finding plaintiff waived arguments as to general jurisdiction when it failed to rebut factual allegations in defendants' affidavits).

## II.     Plaintiffs Cannot Make a Prima Facie Showing of Personal Jurisdiction over Defendants.

Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie case for the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). However, where – as here – the defendant has "submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the *plaintiff must go beyond the pleadings and submit affirmative evidence*

2

*supporting the exercise of jurisdiction*." *Id.* at 783 (emphasis added). Contrary to Plaintiffs' assertions, the Court is not required to take Plaintiffs' unsupported allegations as true in the face of Defendants' uncontroverted declarations. *Scherr v. Abrahams*, No. 97-cv-5453, 1998 WL 299678, at *2 (N.D. Ill. May 29, 1988) ("[t]he allegations in plaintiff's complaint are to be taken as true *unless controverted by the defendants' affidavits*") (emphasis added); *see also Mohammed v. Uber Tech., Inc.*, 237 F. Supp. 3d 719, 734 (N.D. Ill. 2017) (to "make a prima facie showing of personal jurisdiction, [the plaintiff] must do more than make unsupported statements that controvert [the defendant's] sworn affidavit").

Plaintiffs have failed to provide a scintilla of evidence to rebut Defendants' declarations. The uncontroverted record evidence establishes that Mr. Garcia and Ms. Jaffe are California residents who have never worked or maintained an office in Illinois, have never met or spoken with Plaintiffs, and had never heard of Plaintiffs or their alleged works before filing of this suit. DE 25-1, Garcia Decl. at ¶¶ 1, 7, 14-17; DE 25-2, Jaffe Decl. at ¶¶ 1, 6-11. Plaintiffs' failure to present *any* affirmative evidence supporting the exercise of jurisdiction precludes them as a matter of law from meeting their burden. *See Mohammed*, 237 F. Supp. 3d at 734 (dismissing defendant for lack of personal jurisdiction when plaintiff failed to rebut defendant's sworn statements that he was a California resident who seldom traveled to Illinois, who never lived, worked, or had an office in Illinois, and had never met, spoken with, or otherwise corresponded with plaintiff).

### A. Personal Jurisdiction over Defendants Cannot be Based on Plaintiffs' Own Actions.

In asserting this Court has personal jurisdiction over Defendants, Plaintiffs rest on their conclusory allegation that Defendants took action "in Illinois" by "intentionally" copying "protectable expression" that was itself located in Illinois. DE 40 at 3. This lone unsupported

argument fails to pass Constitutional muster for numerous reasons, and is baseless from a factual standpoint because Defendants provided declarations that they had never heard of Plaintiffs or their works prior to the filing of this action. *See* DE 25-1, Garcia Decl. at ¶ 7; DE 25-2, Jaffe Decl. at ¶ 11. Indeed, Defendants have never had any communications with Plaintiffs apart from responding to their lawsuit. *Id.*

As Defendants set forth in their motion, personal jurisdiction must be based on the *Defendants'* contacts with Illinois, not the Plaintiffs'. DE 25 at pp. 6-8. Plaintiffs' argument that "copyright infringement cause[s] injury in the state where the allegedly infringed intellectual property is held" is wholly irrelevant to a jurisdictional analysis, and is in effect an argument that this Court has jurisdiction over Defendants for the sole reason that *Plaintiffs* reside here. DE 40 at 3. The Supreme Court recently confirmed that under a minimum contacts analysis, the "relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("we have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State") (emphasis original). Plaintiffs have offered this Court nothing to establish any jurisdictional contacts arising out of the allegations in the underlying Complaint.

As Plaintiffs cannot show Defendants have any actual contacts with Illinois arising out of the allegations in the lawsuit, they rely exclusively on the effects test, in which personal jurisdiction can in certain instances be established if a defendant's tortious acts intentionally target the forum state. DE 40 at 3; *see also Walden*, 134 S.Ct. at 1125. Yet Plaintiffs on the one hand provide a dearth of facts or case law to support jurisdiction over Defendants based exclusively on Plaintiffs' Illinois residence, and on the other hand fail to even respond to the

numerous authorities cited by Defendants demonstrating why *Plaintiffs'* connections to Illinois alone are irrelevant. *See* DE 40; DE 25 at pp. 12-13.

As Defendants stated in their brief, the Supreme Court in *Walden* strictly curtailed application of the effects test, reinforcing the bedrock principle of jurisdictional due process that minimum contacts depends on the *defendant's* connection to the forum, and that "mere injury to a forum resident is not a sufficient connection to the forum" to establish personal jurisdiction. DE 25 at pp. 7-8, 12-13; *Walden*, 134 S.Ct. at 1125; *see also Allman v. McGann*, No. 02-cv-7442, 2003 WL 1811531, at *5-6 (N.D. Ill. Apr. 4, 2003) (rejecting argument that personal jurisdiction was proper simply because "plaintiff was injured in Illinois as a result of a decision made outside Illinois that involved defendant"); *Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1011-12 (N.D. Ill. 2009) ("although plaintiff arguably suffered a financial loss in Illinois from defendant selling her artwork elsewhere in the country," that failed to "support specific jurisdiction").

Courts applying *Walden* in copyright cases have rejected the same exact argument for jurisdiction that Plaintiffs employ here. *See, e.g., Philpot v. Eagle Commc'ns, Inc.*, No. 14-cv-1984, 2015 WL 4134038, at *2 (S.D. Ind. July 8, 2015) (plaintiff's argument that court had specific jurisdiction in copyright action because the "plaintiff…felt the harm in Indiana" was "specifically rejected" by the Supreme Court in *Walden*); *Erickson v. Neb. Mach. Co.*, No. 15-cv-1147, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (finding no personal jurisdiction under *Walden*, as "any injury that [defendant's] alleged copyright infringement caused is not localized [in the forum state,] apart from the fact that plaintiffs are based there"); *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-cv-2991, 2015 WL 5834135, at *4 (N.D. Cal. Oct. 7, 2015) (as made clear by *Walden*, "express aiming" of a forum state cannot be satisfied

merely by where plaintiff felt injury, as to "rule otherwise would essentially be to hold that a copyright holder can always sue wherever it happens to be located") (internal citation omitted); *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. 14-cv-1371, 2015 WL 1401697, at *4 (D. Oregon March 24, 2015) ("[p]laintiff's argument is problematic because it shifts the focus of the minimum contacts analysis from defendant's connection with [the forum state] to defendant's connection with plaintiff," which is "precisely what the Court found improper in *Walden*"); 5 *Patry on Copyright* § 17:156 ("*Walden* marks the death knell of those cases holding that in cases of alleged 'intentional' copyright infringement…plaintiff's mere presence in the forum constitutes harm sufficient to establish specific personal jurisdiction").

Far from providing any factual grounds to support that Defendants intentionally targeted Illinois with the allegedly "copied works," Defendants' declarations establish Mr. Garcia wrote about the setting of a rental guest house in a mountain town, the ever-changing guests who rent it, and their twisted stories, nearly a full year before Plaintiffs even first *conceived* of their works. *See, e.g*, DE 25-1, Garcia Decl., Exs. 1-3 (Garcia's Guest Book stories dated June 30, July 3, and July 23, 2011); DE 25-3, Morley Decl. at ¶¶ 6-8 (averring to creation date of Garcia Guest Book stories); *compare* DE 1, Compl. at ¶¶ 22-32; DE 1-4, Hanzel Decl. at ¶ 3; DE 1-5, Slowik Decl. at ¶ 3 (Plaintiffs allegedly first conceived of their "concept" for their B&B works on June 15, 2012).[1]

---

[1] It is axiomatic that such pre-existing material could not have been copied. *See, e.g., Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp*., 361 F.3d 312, 326 (6th Cir. 2004) ("where an element occurs both in the defendant's prior work and the plaintiff's prior work, no inference of copying can be drawn"); *see also Benjamin v. Walt Disney Co.*, No. 05-cv-2280, 2007 WL 1655783, at *4-5 (C.D. Cal. June 5, 2007) (all pre-access materials must be filtered out before conducting substantial similarity analysis because pre-access materials could not have been copied).

Plaintiffs' citation to this Court's recent precedent in *Carter v. Pallante* is wholly inapposite, as Carter (the plaintiff) had provided specific factual allegations as to the Pallante defendants' intentional tortious contacts with Illinois, while the Pallante defendants submitted no declarations or affirmative evidence in support of their motion to dismiss, relying exclusively on attacking the sufficiency of the allegations in the complaint. 256 F. Supp. 3d 791, 796 (N.D. Ill. 2017); *see also Carter v. Pallante et al.*, No. 16-cv-6786, DE 20 (Mot. to Dismiss) (N.D. Ill. Sept. 21, 2016). This Court has recognized that "copyright infringement does not require any particular state of mind." *Richter*, 594 F. Supp. 2d at 1011-12. Thus, Plaintiffs' failure to provide any factual allegations to support an inference of intentional tortious contact with Illinois, combined with Plaintiffs' failure to rebut Defendants' declarations that there was no intentional copying of Plaintiffs' works (as Defendants had no knowledge or awareness of the Plaintiffs' works prior to filing of this suit, and have never had any communications with Plaintiffs apart from responding to their lawsuit) precludes a finding of jurisdiction under the effects test. *Id.*; *see also Kennelsource, Inc.*, 2006 WL 2578975, at *3 n.5 (rejecting plaintiff's argument that personal jurisdiction was proper in Illinois based solely on the fact that "[p]laintiff's property at issue, its copyrighted material, resides in and was damaged in this district").

Beyond a factually contorted allegation that Defendants took action "in Illinois" because that is where Plaintiffs' alleged works are located, Plaintiffs offer nothing to establish any sort of connection between Defendants and Illinois arising out of the allegations in the suit, nor offer anything to contradict Defendants' declarations.

### B.     Personal Jurisdiction Cannot be Imputed from One Defendant to Another.

Plaintiffs argue that because certain other defendants "maintain a physical presence in Illinois," it would be "unreasonable to expect [Plaintiffs] to file separate suits" against Mr.

Garcia and Ms. Jaffe in California. DE 40 at 4. Yet again, Plaintiffs turn the jurisdictional analysis on its head, as Due Process "protects the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties." *Walden*, 134 S.Ct. at 1122. Further, Due Process requires that "each defendant's contacts with the forum State must be assessed individually." *Cent. States, SE & SW Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) (the "unilateral activity of an entity cannot subject a nonresident defendant to personal jurisdiction in the entity's forum").

Plaintiffs cannot simply "lump" all of the defendants together and conclude that personal jurisdiction exists for all because it exists for some. *Kennelsource, Inc.*, 2006 WL 2578975, at *5 ("plaintiff's arguments lump all" of the defendants together "without providing any reason as to why, which is especially problematic considering…[e]ach defendant's contacts with the forum state must be assessed individually"). As Plaintiffs have failed to offer any affirmative evidence to support specific jurisdiction over either Mr. Garcia or Ms. Jaffe, this Court should dismiss them from this lawsuit.

## **CONCLUSION**

Plaintiffs have failed to make a prima facie case for jurisdiction over either Mr. Garcia or Ms. Jaffe, and these defendants should accordingly be dismissed from this action. Furthermore, as Plaintiffs offered no affirmative matter in their response to support a basis of jurisdiction, dismissal from this action should be with prejudice, as it "does not appear that Plaintiffs will be able to allege a colorable basis for personal jurisdiction" in this District. *Kennelsource, Inc.*, 2006 WL 2578975, at *6.

Dated: April 20, 2018                Respectfully submitted,

                                     */s/ Brian A. Sher*
                                     Brian A. Sher
                                     Steven Trubac
                                     BRYAN CAVE LEIGHTON PAISNER LLP
                                     161 N Clark Street, Ste 4300
                                     Chicago, IL 60601
                                     Telephone: (312) 602-5000
                                     Facsimile: (312) 602-5050
                                     brian.sher@bclplaw.com
                                     steve.trubac@bclplaw.com

                                     Lee Brenner (admitted *pro hac vice*)
                                     Kenneth Kronstadt (admitted *pro hac vice*)
                                     KELLEY DRYE & WARREN LLP
                                     10100 Santa Monica Blvd., 23rd Floor
                                     Los Angeles, California 90067
                                     Telephone: (310) 712-6100
                                     Facsimile: (310) 712-6199
                                     kkronstadt@kelleydrye.com
                                     lbrenner@kelleydrye.com

                                     *Attorneys for Defendants Gregory T. Garcia
                                     and Alix Jaffe*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 20, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Brian A. Sher*
Brian A. Sher